# SIMMS SHOWERS LLP

J. STEPHEN SIMMS
PRINCIPAL
JSSIMMS@SIMMSSHOWERS.COM

August 16, 2013

**BY CM/ECF**

Hon. Marvin J. Garbis
Senior United States District Judge
United States District Court for the
 District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

     Re:  <u>*U.S. v. Efploia*, Criminal No. MJG-11-cr-652</u>

Dear Judge Garbis:

  We write on behalf of Salvador Lopez, the Act for Prevention of Pollution from Ships ("APPS") whistleblower in the above referenced case, to advise the Court of three additional cases relevant to the instant issues which have transpired since Mr. Lopez's last substantive filing on October 12, 2012. The Court had indicated, on December 21, 2012, that it would in due course communicate concerning the award to Mr. Lopez, requested by the United States.

  The Court will recall that Efploia (which admitted its criminal conduct in violating the APPS) resists the United States' recommendation of award to Mr. Lopez because Mr. Lopez supposedly did not follow the Efploia's internal "procedure" for reporting violations. Efploia ignored the fact that over a score of other crewmen who also witnessed the violation did not report "internally," nor did Efploia give any credit to the threat that such an internal report, made on the open ocean or in any country other than the United States, would have made to Mr. Lopez' life.

  **The Fifth Circuit's July, 2013 *Asadi v. GE* Decision:**
  <u>**Whistleblowers Reporting Internally Have No Anti-Retaliation Protection**</u>

  In over a year now since Efploia advanced this argument, not one reported opinion – relating to any whistleblower statute (whether that is APPS, the False Claims Act, Sarbanes Oxley, the Clean Water Act or a range of others) has ever endorsed Efploia's arguments. In APPS, as Mr. Lopez already has presented to this Court, courts consistently have rejected the arguments each time shipowners have presented them.

  On July 17, 2013, however, the Fifth Circuit issued *Asadi v. G.E. Energy*, No. 12-20522, __ F.3d ___, 2013 U.S. App. LEXIS 14470; Fed. Sec. L. Rep. (CCH) P97,565. Instead of reporting them to the United States Government, Mr. Asadi followed internal G.E. procedures to report federal securities law violations. G.E. retaliated against him. Mr. Asadi then sued under the anti-retaliation provisions of the Sarbanes-Oxley Act. G.E. insisted that Mr. Asadi had no protection from retaliation, because he did not report the violation to the United States Government. The Fifth Circuit agreed and dismissed Mr. Asadi's case. Having reported the violation using internal procedures only, Mr. Asadi had no protection against retaliation.

Hon. Marvin J. Garbis
August 16, 2013
page 2


Efploia pled guilty to Class D felonies, because of its admitted criminal APPS violations and obstruction of justice. This was consistent with the APPS regulations, including 33 C.F.R. 151.04 (" Penalties for violation"):

> (c) A person who knowingly violates MARPOL 73/78, the Act, or the regulations of this subpart commits a class D felony, as described in 18 U.S.C. 3551 et seq. In the discretion of the Court, an amount equal to not more than one-half of the fine may be paid to the person giving information leading to conviction.

(Emphasis added). Although unlike many whistleblower statutes, APPS has no direct anti-retaliation provisions, 18 U.S.C. § 1513 ("Retaliating against a witness, victim, or an informant") protects APPS whistleblowers – but only those (as the Asadi opinion reinforces) who report APPS violations to the United States Government:

> (1) Whoever kills or attempts to kill another person with intent to retaliate against any person for—
>
>> (A) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or
>>
>> (B) providing to a law enforcement officer any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings,
>
> shall be punished as provided in paragraph (2).
>
> (2) The punishment for an offense under this subsection is—
>
>> (A) in the case of a killing, the punishment provided in sections 1111 and 1112; and
>>
>> (B) in the case of an attempt, imprisonment for not more than 30 years.
>
> (b) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for—
>
> (1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or
>
> (2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings given by a person to a law enforcement officer;

Hon. Marvin J. Garbis
August 16, 2013
page 2

>or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.
>
>(c) If the retaliation occurred because of attendance at or testimony in a criminal case, the maximum term of imprisonment which may be imposed for the offense under this section shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

Significantly, these anti-retaliation provisions apply extra-territorially:

>(d) There is extraterritorial Federal jurisdiction over an offense under this section [.]

Even more significantly, these anti-retaliation provisions continue to protect the APPS whistleblower (extra-territorially) after the prosecution – once the APPS whistleblower returns to his or her home country:

>(e) Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.
>
>(f) Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.
>
>(g) A prosecution under this section may be brought in the district in which the official proceeding (whether pending, about to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred.

(Emphasis added).

Consequently, if an APPS whistleblower wants any protection against retaliation – he or she must report the APPS violation to the United States Government. Whistleblowers who report internally have no protection at all. The Court will recall that Mr. Lopez was the only one of nearly 20 crew members who reported the APPS violation; none apparently felt secure enough about Efploia's supposed "internal" reporting mechanism, to utilize that. Certainly Mr. Lopez should not be singled out because he also did not trust Efploia (proven to be good judgment: Efploia is a convicted felon) but instead, sought the protection of the United States Government (and continues to have that protection, extending extra-territorially to the Philippines pursuant to 18 U.S.C. § 1513).

Hon. Marvin J. Garbis
August 16, 2013
page 3

### Further Rejection of the "Should Have Reported APPS Violations Internally" Argument

In *United States of America v. Giuseppe Bottligieri Shipping Company S.P.A.*, Criminal No. 12-00057-CG, United States District Court, Southern District of Alabama, the defendant shipowner objected to the United States' motion for an award to the whistleblowers and advanced the same argument asserted by Efploia here – that an award was improper because, inter alia, the whistleblowers failed to report the APPS violations internally, as required by company policy.

Judge Granade granted the United States' motion in a short order, rejecting the shipowner's argument without comment.

We attach herewith for the Court's reference the United States' motion, the shipowner's response in opposition, the United States' reply in support, and Judge Granade's order.  See Exhibit A.

### Consistent APPS Awards into 2012-2013

Finally, in United States of America v. Kassian Maritime Navigation Agency, Ltd., et al., Criminal No. 2:13-cr-00070, United States District Court, Eastern District of Virginia, the defendant shipowner asked the court to take "judicial notice that the Act to Prevent Pollution from Ships ("APPS") 33 U.S.C. § 1908(a) provides for, and the government routinely moves the United States District Courts to issue, a monetary reward to whistleblowers for providing information leading to criminal conviction under APPS."

In a footnote, after reviewing what appear to be most of the APPS whistleblower awards to date – including those in addition to what we provided at the Court's direction for Mr. Lopez in September-October, 2012, the shipowner states that "defendants are unaware of any district court ever denying an application for payment of a whistleblower reward in a successful APPS prosecution." (Emphasis added).

We attach herewith for the Court's reference the shipowner's motion.  *See* Exhibit B.

It is worth noting that the defendant shipowners in both Giuseppe Bottligieri and Kassian Maritime are represented by the same counsel (Chalos & Co., P.C.), which on the one hand advances an "internal reporting" argument to oppose a whistleblower award, while on the other hand acknowledging that no court has denied a motion to award a whistleblower payment.

Hon. Marvin J. Garbis
August 16, 2013
page 3

      Mr. Lopez respectfully requests that Court now accept the Government's recommendation and issue a final order awarding Mr. Lopez 50% of the criminal fines paid/ to be paid by Efploia.

                                        Respectfully Submitted,

                                        J. Stephen Simms

**Accompanying pages**:USDC. SD Ala Briefing, Order; EDVA Brief

Copy to All Record Counsel, by  CM/ECF