# SIMMS SHOWERS LLP

J. STEPHEN SIMMS
PRINCIPAL
JSSIMMS@SIMMSSHOWERS.COM

August 18, 2014

**BY CM/ECF**

Hon. Marvin J. Garbis
Senior United States District Judge
United States District Court for the
 District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

> Re:  *U.S. v. Efploia,* **Criminal No. MJG-11-cr-652**
>      *U.S. v. Aquarosa,* **Criminal No. MJG-11-cr-671**

Dear Judge Garbis:

      We write on behalf of Third Engineer Salvador Lopez further to the April 23-24, 2014 evidentiary hearing before the Court and prior submissions.

      In those submissions, the parties have referred to various whistleblower provisions under United States law, including the Dodd-Frank securities whistleblower procedure and protection for whistleblowers.

      **Second Circuit Decision, August 14th, No Dodd-Frank Extra-Territorial Anti-Retaliation Protection**: Last Thursday, August 14th, the United States Court of Appeals for the Second Circuit held in *Liu Meng-Lin v. Siemens AG*, No. 13-4385-cv, 2014 U.S. App. LEXIS 15637 (2d Cir. N.Y. Aug. 14, 2014) that even where a Dodd-Frank whistleblower had reported fraud internally and then reported to the SEC, Dodd-Frank whistleblower protections did not extend extraterritorially.

      Plaintiff-appellant Liu Meng-Lin worked in Taiwan as a compliance officer for Siemens. He internally reported that Siemens employees were making improper payments to North Korean and Chinese officials. After he reported internally, Siemens fired him.

      Liu Meng-Lin reported the violations to the SEC and sued in the U.S. District Court, Southern District of New York claiming that Siemens violated the Dodd-Frank anti-retaliation provisions. The Court of Appeals upheld the U.S. District Court, writing that "there is absolutely nothing in the text of the provision, set forth above, or in the legislative history of the Dodd-Frank Act, that suggests that Congress intended the antiretaliation provision to regulate the relationships between foreign employers and their foreign employees working outside the United States."

      The Court of Appeals observed that even though an SEC whistleblower outside of the U.S. might qualify for an award, that did not mean that the whistleblower also had anti-retaliation protection:

> Moreover, extraterritorial application of the bounty and antiretaliation provisions have far different international ramifications. Providing rewards to persons, foreign or domestic, who supply information about lawbreaking is far less intrusive into other countries' sovereignty than seeking to regulate the employment practices of foreign companies with respect to the foreign nationals they employ in foreign

Hon. Marvin J. Garbis
August 18, 2014
page 2

    countries.  Applying the antiretaliation provision in circumstances such as Liu's would effect such an intrusion.  Thus, whatever their merits, none of the arguments that the bounty provision is meant to have extraterritorial reach provide any support for Liu's claim that the antiretaliation provision is meant to have extraterritorial reach.

Significantly, the SEC also had asked the Court of Appeals, in an *amicus* brief (copy at http://www.sec.gov/litigation/briefs/2014/liu-siemens-0214.pdf ), to reject the Fifth Circuit's *Asadi v. G.E. Energy (U.S.A.), L.L.C.*, 720 F.3d 620, 627-28 (5th Cir. 2013) decision.

  The July 17, 2013 *Asadi* decision, which we addressed in our August 16, 2013 (Docket No. 32 in *Efploia*, No. 11-cr-652)), held that internal whistleblowers have no Dodd-Frank anti-retaliation protection.  The Second Circuit specifically declined to address the *Asadi* holding, focusing instead on the conclusion that Dodd-Frank does not apply extraterritorially.

  **There is Extra-Territorial Protection Pursuant to 18 U.S.C. § 1513(d), But Only for APPS Whistleblowers Who Report Violations to the United States Government**: Our August 15, 2013 letter (which also discussed *Asadi*) detailed that although APPS has no direct anti-retaliation protection. 18 U.S.C. § 1513 ("Retaliating against a witness, victim, or an informant") protects APPS whistleblowers – but **only** those (as the *Asadi* opinion - and now *Siemens* opinions, reinforce) who report APPS violations to the United States Government.

  No country, other then the United States, extends anti-retaliation protection to APPS (implementing MARPOL).  Had Mr. Lopez reported the APPS violations anywhere other than to the United States government, he would have had no anti-retaliation protection.  Critically and unlike Dodd-Frank, however, 18 U.S.C. § 1513(d) provides for explicit extraterritorial anti-retaliation protection: "(d) There is extraterritorial Federal jurisdiction over an offense under this section [.]"

  Consequently, if an APPS (or MARPOL, which U.S. law implements through APPS) whistleblower wants any protection against retaliation – he or she must report the APPS violation to the United States Government.  Only when he or she does so, does the APPS whistleblower receive extra-territorial, anti-retaliation protection, pursuant to 18 U.S.C. § 1513(d).

  Efploia nevertheless has argued that long before the M/V AQUAROSA reached the U.S., Mr. Lopez should have reported internally or to non-U.S. government authorities (even though none of the other Efploia employees aboard the M/V AQUAROSA reported, and the Chief Engineer not only plead guilty to directing the APPS violations but ordered other employees, not to report).

  Had Mr. Lopez reported Efploia's admitted (Efpolia pleading guilty here) APPS/MARPOL violations to anyone but United States authorities (the U.S. Coast Guard, here), he would have been entirely without anti-retaliation protection.  Only because he did report to the U.S. Coast Guard, however, Mr. Lopez had and continues to have anti-retaliation protection through  18 U.S.C. § 1513.

            Respectfully Submitted,

            */s/ J. Stephen Simms*

            J. Stephen Simms

Copy to All counsel, by CM/ECF